IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TOP CLASS HOSPITALITY, LLC, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-cv-00558 |
| | § | |
| AMGUARD INSURANCE COMPANY | § | |
| and DAVID NESBIT, | § | |
|     *Defendants*. | § | |

## **DEFENDANT AmGUARD INSURANCE COMPANY'S NOTICE OF REMOVAL**

Notice is hereby given that, under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant AmGUARD Insurance Company ("AmGUARD") removes this action from the 131st Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and as grounds for removal states as follows:

### I.   STATE COURT ACTION

1. On April 3, 2019, Plaintiff Top Class Hospitality, LLC ("Plaintiff") filed its Plaintiff's Original Petition & Jury Demand (the "Complaint") in the 131st Judicial District Court of Bexar County, Texas, styled *Top Class Hospitality, LLC v. AmGUARD Insurance Company and David Nesbit*, Cause No. 2019-CI-06848 (the "State Court Action").

2. Plaintiff asserts claims relating to the allegedly improper denial of an insurance claim concerning alleged damage to Plaintiff's hotel property that occurred on or about August 25, 2017. *See* Compl. ¶¶ 11-25. On the basis of these allegations, Plaintiff asserts alleged claims for violations of Chapters 541 and 542 of the Texas Insurance Code, breach of contract, breach of a duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices—Consumer Protection Act (DTPA). *Id.* at ¶¶ 26-51. Plaintiff seeks monetary relief in excess of

$1,000,000, including unspecified actual and punitive damages, statutory interest, and attorneys' fees. *Id.* at ¶¶ 6, 41-42, 52-60.

3. With this Notice of Removal, AmGUARD removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II. PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(d)(4), 1441, 1446(a).

5. This removal is timely because it is filed within thirty days of AmGUARD being served or otherwise making an appearance in the State Court Action. 28 U.S.C. § 1446(b).

6. Defendant David Nesbit is improperly joined in this lawsuit. Further, AmGUARD has elected to accept whatever liability Mr. Nesbit might have to Plaintiff, if any, for his acts or omissions related to the claims at issue, in accordance with Section 542A.006 of the Texas Insurance Code. *See* **Exhibit C**. Consequently, Mr. Nesbit's consent to removal is not required. *Getty Oil Corp. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988) (an acknowledgment of consent is not required of a defendant who is improperly joined).

7. Under 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the entire file from the State Court Action at the time of this removal.

8. Under 28 U.S.C. § 1446(d), AmGUARD is contemporaneously with the filing of this Notice of Removal: (1) serving Plaintiff with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 131st Judicial District Court of Bexar County, Texas. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[1]

---

[1] AmGUARD has not included Exhibit 1 to the state court removal notice in Exhibit B because Exhibit 1 is a copy of the notice of removal filed in this Court.

### III.     DIVERSITY JURISDICTION

9. The Court has diversity jurisdiction in this matter. Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as AmGUARD. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Further, as shown below, Mr. Nesbit's citizenship may not be considered for the purpose of determining jurisdiction. And, also as shown below, the amount in controversy requirement is satisfied.

**A.     Diversity of citizenship exists between Plaintiff and AmGUARD.**

10. As alleged by Plaintiff, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction. *See* Compl. ¶ 2.

11. AmGUARD is a corporation organized under Pennsylvania law with its principal place of business in Wilkes Barre, Pennsylvania. A corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, AmGUARD is a citizen of Pennsylvania for purposes of diversity jurisdiction.

**B.     Mr. Nesbit is improperly joined in this lawsuit because Plaintiff does not allege a viable claim against him.**

12. Mr. Nesbit is improperly joined in this lawsuit in that the Complaint shows that Plaintiff has not alleged a viable claim against him. A removing party establishes improper joinder by showing that the plaintiff cannot establish a cause of action against the non-diverse defendant under state law. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). This requires the Court to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim

against the in-state defendant." *Id.* A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

13. As an initial matter, Mr. Nesbit is improperly joined because Plaintiff fails to plead sufficient facts to state a claim against him. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief" and fails to state a claim. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

14. Here, Plaintiff's only allegations as to Mr. Nesbit are: (1) AmGUARD assigned Mr. Nesbit to the claim at issue; and (2) "Mr. Nesbit subsequently engaged Rimkus Consulting Group, Inc. ("Rimkus") to . . . handle and adjust the claim." Compl. ¶ 16. Plaintiff does not allege any wrongdoing on the part of Mr. Nesbit, nor does Plaintiff connect any facts alleged against Mr. Nesbit to the elements of its claims. Instead, Plaintiff points exclusively to actions taken by AmGUARD in support of its claims. *See generally* Compl. Plaintiff's failure to explain how Mr. Nesbit's actions were improper and in violation of the various statutes at issue in this lawsuit is fatal to its claims. *See River of Life Assembly of God v. Church Mut. Ins. Co.*, 1:19-CV-49-RP, 2019 WL 1767339, at *4 (W.D. Tex. Apr. 22, 2019) ("Certainly, federal district courts in this circuit have found that an adjuster is improperly joined if the plaintiff merely recites language from the Texas Insurance Code or the DTPA without specifically identifying

how the adjuster's conduct violated those statutes.") (citing *Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 352 (S.D. Tex. 2017)).

15. Put another way, such cursory allegations fail to establish "more than a sheer possibility that [Mr. Nesbit] has acted unlawfully." *See Iqbal*, 556 U.S. at 678. Because Plaintiff's Complaint is "armed with nothing more than conclusions" and lacks "sufficient factual matter" as to Mr. Nesbit, Plaintiff fails to state a claim against Mr. Nesbit. *Id.* at 678-79. Consequently, Mr. Nesbit is improperly joined in this lawsuit, and his citizenship cannot be considered for purposes of diversity jurisdiction. *Larroquette*, 466 F.3d at 376 (5th Cir. 2006).

**C.     Mr. Nesbit is improperly joined under Chapter 542A of the Texas Insurance Code.**

16. Even if Plaintiff had plead sufficient facts against Mr. Nesbit, Plaintiff cannot state a claim against Mr. Nesbit because AmGUARD has elected to accept whatever liability Mr. Nesbit might have to Plaintiff in accordance with Section 542A.006 of the Texas Insurance Code. *See* **Exhibit C**. Under Section 542A.006, "[w]hen an insurer elects to accept liability for an agent and notifies the claimant, the court 'shall dismiss' the claimant's action against the agent." *Electro Grafix, Corp. v. Acadia Ins. Co.*, No. SA-18-CA-589-XR, 2018 WL 3865416, at *4 (W.D. Tex. Aug. 14, 2018) (quoting TEX. INS. CODE § 542A.006(c)).

17. Here, because AmGUARD has accepted liability for Mr. Nesbit, Plaintiff's purported claims against Mr. Nesbit must be dismissed. *Id.*; TEX. INS. CODE § 542A.006(c). Put another way, Mr. Nesbit is improperly joined because "there is no reasonable basis to predict that Plaintiff might be able to recover against" him. *Electro Grafix*, 2018 WL 3865416, at *4; *see also, e.g.*, *Flores v. Allstate Vehicle & Prop. Ins. Co.*, No. SA-18-CV-742-XR, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018) (holding that non-diverse agent was improperly joined because claimant could not recover from the agent after insurer accepted agent's liability); *but*

*see River of Life Assembly of God*, 2019 WL 1767339, at *3 (holding that insurer's acceptance of liability after lawsuit was filed did not render agent's joinder improper).

18. Thus, two independent grounds exist to establish that Mr. Nesbit is improperly joined—under Plaintiff's own pleading, or under Chapter 542A, or both—and his citizenship should be disregarded for removal purposes. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (holding that where non-diverse defendant is improperly joined, case is properly in federal court).

19. Because Plaintiff is a citizen of Texas and AmGUARD is a citizen of Pennsylvania, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

**D.     The amount in controversy is satisfied.**

20. The amount-in-controversy element is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc*., 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000. *E.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253. To determine the amount in controversy, a court may consider actual damages, exemplary damages, and attorneys' fees. *White*, 319 F.3d at 675–76.

21. A plaintiff's pleading for a specific sum made in good faith is deemed the amount in controversy. 28 U.S.C. § 1446(c)(2). Here, Plaintiff specifically seeks "monetary relief in an amount over $1,000,000." Compl., ¶ 6. Although AmGUARD denies that Plaintiff is entitled to

any damages or relief, when the requested actual damages, exemplary damages, and attorneys' fees are included in the amount-in-controversy calculus, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* at ¶¶ 6, 53-60.

22. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

### IV. REQUEST FOR RELIEF

For these reasons, Defendant AmGUARD Insurance Company removes this action from the 131st Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

/s/ Kent Hofmann
Kent Hofmann
State Bar No. 24032424
khofmann@lockelord.com
Joel Thomason
State Bar No. 24086612
jthomason@lockelord.com
LOCKE LORD LLP
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700 (telephone)
(512) 305-4800 (facsimile)

ATTORNEYS FOR DEFENDANT
AmGUARD INSURANCE COMPANY

## Certificate of Service

I certify that a true and correct copy of this Notice was served on the following on May 24, 2019, by the methods stated below:

**BY EMAIL: efile@raiznerlaw.com and**
**U.S. MAIL**
Jeffrey L. Raizner
Andrew P. Slania
Amy B. Hargis
Ben Wickert
Raizner Slania LLP
2402 Dunlavy Street
Houston, Texas  77006
*Attorneys for Plaintiff*

/s/ Kent Hofmann
Kent Hofmann